MAURICE B. DUNSMORE *vs*. H. S. PRATT.

Androscoggin.    Opinion January 27, 1917.

*Proof necessary to justify arrest on writ issued under Chap. 114, Sec. 2, R. S., 1903.*
*Rule of law as to what is meant and intended by the words "means*
*of his own."    Rule where debtor may have property in some*
*other State.    Necessary knowledge on part of person*
*making the oath required under Revised*
*Statutes, Chap. 114, Sec. 2.*

This is an action for abuse of process and false imprisonment growing out of the plaintiff's arrest on mesne process in an action on a contract. The plaintiff recovered a verdict for $250, and the case is before the Law Court on a general motion and on exceptions filed by the defendant.

*Held:*

1.  Being a drastic remedy for the collection of debt, all of the provisions of Sec. 2, Chap. 114, R. S., 1903, under which this process was authorized must have been complied with strictly, and the oath required to be taken by the creditor, his agent, or attorney must be practically perfect in its essential details, and must be based on good faith.

2.  The knowledge in the defendant's possession did not justify an oath that he believed and had reason to believe, the plaintiff was about to take with him out of the State means of his own more than sufficient for his immediate support. Such belief should be based on information sufficient in itself to justify a man of ordinary prudence and caution, when calm and not swerved by self-interest from realms of reason and common sense, in believing the truth of the statement to which he makes oath.

3.  As used in the statute "means" is portable assets or property.   The owner-ship of land in another State, did not justify plaintiff's arrest, as such property was not "means" that he could take with him out of the State.
4.  Defendant's exceptions being to the exclusion of evidence irrelevant and immaterial are overruled.
5.  For the humiliation and mental distress caused by illegal and unjustifiable arrest and imprisonment in jail over night, the damages awarded are not excessive.

Action on the case to recover damages for abuse of process and false arrest and imprisonment.   Writ was issued under R. S., 1903, Chap. 114, Sec. 2, and is what is commonly known as a "special writ," commanding the officer to arrest a person about to leave the State. Defendant filed a plea of general issue and also brief statement. Verdict for plaintiff in the sum of two hundred and fifty dollars. Defendant filed a motion for new trial and exceptions also were filed to certain rulings of the presiding Justice on the admissibility of certain evidence.   Motion and exceptions overruled.

Case stated in opinion.

*McGillicuddy & Morey*, for plaintiff.

*Thomas Austin*, for defendant.

SITTING:   CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

MADIGAN, J.   This is an action for abuse of process and false imprisonment growing out of the plaintiff's arrest on mesne process in an action on a contract, and is before the court on motion and exceptions, the plaintiff having received a verdict for $250.

To justify such an arrest all of the provisions of Sec. 2, Chap. 114, R. S., must be strictly complied with.   The oath required of the creditor, his agent or attorney, must be administered by a justice of the peace of the State.   *Bramhall* v. *Seavey*, 28 Maine, 45; the oath must state that debtor is about to establish a residence outside of the State, in affiant's belief, and a defective oath cannot be supplied by supplemental oath.   *Whiting* v. *Trafton*, 16 Maine, 398, "oath that debtor is about to change his residence and abscond insufficient," *Mason* v. *Hutchins*, 20 Maine, 77, oath must aver that affiant not only believes, but has reason to believe, that debtor is about to take

property with him out of the State, *Sargent* v. *Roberts*, 52 Maine, 590; "must state that property or means exceed amount required for debtor's immediate support," *Sawtelle* v. *Jewell*, 34 Maine, 543; "omission of pronoun 'his' or analogous expression to qualify 'support' fatal," *Proctor* v. *Lathrop*, 68 Maine, 256.

The process is a drastic remedy for the collection of debt, and the oath must be not only practically perfect in form, but it must be based on good faith. Creditors, their agents and attorneys, solemnly swear that they believe and have reason to believe the truth of all statements required by the statute. Such belief should be derived from facts and evidence sufficient in themselves to justify a man of ordinary prudence and caution, when calm and not swerved by self-interest from the realms of reason and common sense, in believing the truth of the statements to which he makes oath.

The evidence in this case discloses no justification for that portion of the oath in which the affiant swore that he believed, and had reason to believe, that the debtor would take with him means of his own, more than sufficient for his immediate support. Both parties lived in a small community, and the creditor, being the debtor's family physician for a considerable time, must have been fairly well informed as to the latter's circumstances and assets. The plaintiff was a carpenter by trade, earning, when employed, $2.50 per day, on which he was maintaining himself, a wife and a step-son. When arrested he had forty cents, and was without other property or means of any kind or description in the State. The argument that having announced his intention of going to Cincinnati the oath was justified, is without merit. Much of life consists of unrealized expectations; and friends or future earnings might make the trip possible. The oath clearly means that at the time it is made the debtor has within the State, property, tangible or intangible, which he is about to take with him outside of the State. Neither can it be claimed, that because the debtor owned real estate in Cincinnati he would by his departure remove from this State "means". As used in the statute, "means" is not method, but portable assets, tangible or intangible. Real estate outside of this State must be reached by and through the laws of the State or Country where situated. It was not something that the debtor could carry with him. The verdict was correct.

Nor can we say that under all of the circumstances the damages are excessive. The humiliation and mental distress suffered by the plaintiff because of an illegal and unjustifiable arrest and detention in jail over night could be best estimated by the jury.

Defendant's exceptions, being to the exclusion of evidence clearly irrelevant and immaterial, are overruled.

*Motion and exceptions overruled.*
*Verdict to stand for full amount.*